[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiff seeks damages, both compensatory and punitive, for harm to her which was caused by the defendant (her great uncle) when he sexually molested her in July of 1987 when she was fifteen years old. She is now nineteen. The sexual contact occurred when the plaintiff was asleep at the defendant's house while visiting her cousin. While she slept, the defendant fondled her, placing his hands beneath her nightclothes and undergarments. The plaintiff awoke and despite her frightened demands to stop, the defendant continued to fondle her until it appeared that her cousin was about to awake.
The defendant was charged with one count of second degree sexual assault (P2/88-1526). Investigation disclosed no other sexual misconduct by the defendant except this single occurrence in July of 1987. In January of 1990, the defendant was found guilty of the criminal charge after a jury trial, and he received a five-year suspended sentence (Caldarone, J.). The defendant withdrew his motion for new trial, and he has declined to pursue an appeal of the conviction.
On February 15, 1990, judgment in this civil case was automatically entered as a result of the defendant's conviction. Sec. 12-28-5, R.I.G.L. On December 13, 1990, a hearing was held before this Court on the plaintiff's claim for compensatory and exemplary damages as to her claims for assault and battery, sexual assault, as well as intentional and negligent infliction of emotional distress. The plaintiff testified, as did her mother and a professional counselor from the Greenville Family Counselling facility, which the plaintiff visited on eight occasions. The defendant and his wife also testified, in limited fashion, presenting evidence as to the defendant's financial capabilities insofar as they related to the claim for punitive damages.
Although the defendant's misconduct was an isolated and nonrecurring act, and although it did not extend beyond one unconsented instance of fondling, the effects of the incident upon her were not without substantial impact. For six months after the incident, the plaintiff was afraid to tell anyone about it. During that period she became depressed and gained a substantial amount of weight. She was withdrawn and fearful of being alone in public places. Her schoolwork, in large part, deteriorated. Her relationship with her parents, particularly her mother, in whom she had previously confided in all respects, became extraordinarily strained. She suffered constant nightmares depicting the defendant sexually violating her.
In January of 1988, the plaintiff finally unburdened herself to her friends and parents. After several visits with her family to the Greenville Family Counselling service, and thereafter with church counselors, the plaintiff regained a modicum of stability. Her schoolwork improved. She shed much of the unwanted weight, and her relationship with her parents improved. To date, however, she still has periodic instances of depression and occasional nightmares. She remains untrusting of others, and is incapable of employment outside the family's own business. A professional counselor who assisted in the plaintiff's treatment program testified that the plaintiff would most probably suffer recurrences of depression and other effects of the incident for several years and probably through her lifetime, particularly after the plaintiff married and started her own family.
This Court is satisfied, from the evidence presented at the December 13 hearing, that all of the physical and emotional manifestations referenced above were, in fact, proximately caused by the defendant's deviant misconduct in July of 1987. Efforts to characterize these effects as too extreme or so irrational as to be without reasonable nexus to a single act of unconsented fondling are without basis. By all reports this plaintiff was a trusting and well-adjusted teenager until her great uncle, with whom she had previously enjoyed an excellent family relationship, committed an insidious and despicable act during the course of her sleep. Her adverse reactions, the emotional damage, and the expected continuing effects may seem unusually traumatic when considered against this single incident of untoward conduct. But, having observed the plaintiff testify, and having judged her demeanor and her responses, this Court is satisfied that her testimony was unvarnished and without embellishment. Further, the professional counselor's opinion is without contradiction and is unrebutted.
That this young girl may have been more susceptible to psychological damage than a more strong-willed person helps the defendant not at all. The plaintiff's right to recover damages is not limited simply because she may have been more emotionally sensitive or delicate than another. It is axiomatic that a wrongdoer must take his victim as he finds her. The harm suffered by this plaintiff was real, not illusory.
Accordingly, the plaintiff is entitled to a reasonable award of damages which compensates her for the emotional pain and suffering which she has endured and which she will, in all probability, continue to endure. There is, of course, no mathematical formula by which to evaluate the plaintiff's anxiety, mortification, humiliation, and the other rigors of her emotional ordeal. Recognizing, as the court must, that such an award necessarily invites some imprecision, and being mindful to avoid conjecture and speculation, and taking into account the nature and extent of the plaintiff's emotional trauma and condition, and the extent to which they may reasonably be expected to persist in the future, this Court is satisfied that the plaintiff should be awarded $10,000.00 as and for compensatory damages.
The plaintiff has also requested that punitive damages be extracted from the defendant. Punitive, or exemplary, damages are awarded, not to compensate a plaintiff, but to punish an offender and to dissuade future misconduct. Such damages are not ordinarily awarded unless the defendant's conduct evidences a degree of wilfullness, recklessness, or wickedness amounting to criminality. This defendant was convicted of having sexually molested his 15-year-old grand niece while she slept, contemptible conduct which is utterly intolerable in a civilized society. In short, this is precisely the type of case which warrants an award of punitive damages. Punitive damages are hereby awarded to the plaintiff in the amount of $10,000.00.